No. 04-00-00682-CV



In re Jo Ann GUEVARA, et al.



Original Mandamus Proceeding


Arising from Probate Court No. 2, Bexar County, Texas


Trial Court No. 98-CI-07258


Honorable Polly Jackson Spencer, Judge Presiding

PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: January 10, 2001


MOTION FOR SANCTIONS GRANTED


 On October 5, 2000, the relators, Jo Ann Guevara and others, filed an application for writ of
mandamus and an emergency motion for stay of trial proceedings. In the application, the relators
asked this court to issue an order directing the trial judge to disburse life insurance proceeds, stating
that "[t]he only proceeding required by the [Fourth Court's] mandate [in appeal no. 04-99-00584-CV] is for the trial court to disburse the insurance proceeds in accordance with the 4th Court of
Appeal's [sic] judgment, as affirmed by the Texas Supreme Court." This court denied the application
for a writ of mandamus and the request for an emergency stay, stating "this court's mandate . . .
returned the case to the procedural posture that existed before the judgment granting the motion for
partial summary judgment was granted and the severance was ordered; i.e., to the granting of the
motion for new trial." See In re Jo Ann Guevara, No. 04-00-00682-CV, 2000 WL 1532855 (Tex.
App.-San Antonio Oct. 18, 2000).

 The real party in interest, Maria Guevara, then moved for sanctions under Rule 52.11 of the
rules of appellate procedure. In her motion for sanctions, Maria contended that the relators' attorney,
Roger Guevara, had filed frivolous, vexatious, groundless pleadings for an improper purpose; filed
frivolous, vexatious, groundless pleadings with an intent to interfere with, impede or delay the
administration of justice; misrepresented the facts to this court; misrepresented the law to this court;
and filed pleadings for the purpose of harassment or needlessly increase the cost of litigation. Maria
identified specific statements contained in Roger's pleadings that she contended were either untrue
or misstated. In response, we issued a show cause order directing Roger to respond in writing and
to address the allegations contained in Maria's motion and why he should not be sanctioned. Roger
responded, stating that he honestly believed that this court's mandate did not require a new trial.
Roger did not, however, address the specifics of Maria's motion. Instead, he maintained that the
evidence against Maria was over-whelming in the death of her husband and that nothing was to be
gained by filing a groundless petition.

Review Under Rule 52.11 of the Rules of Appellate Procedure

 Under Rule 52.11, a court of appeals may, after notice and a reasonable opportunity to
respond, impose just sanctions on a party or attorney who is not acting in good faith as indicated by
any of the following:

 (a) filing a petition that is clearly groundless;

 (b) bringing the petition solely for delay of an underlying proceeding;

 (c) grossly misstating or omitting an obviously important and material fact in
the petition or response; or

 (d) filing an appendix or record that is clearly misleading because of the
omission of obviously important and material evidence or documents.

Tex. R. App. P. 52.11. After reviewing the record in this cause, we find that Roger Guevara filed a
petition in this court that is clearly groundless for the following reasons. See Tex. R. App. P.
52.11(a).

 Roger stated in the application for writ of mandamus that plaintiffs below, the relators,
dismissed their unliquidated claims so there was no need for a jury to assess damages. Roger further
asserted that the only proceeding required was for the trial court to disburse the insurance proceeds
in accordance with the Fourth Court's mandate. These statements, however, grossly misstate the
procedural posture of this cause. Once this court reversed and remanded the trial court's judgment
granting the motion for summary judgment and ordering a severance, this court's mandate returned
the case to the procedural posture that existed before the motion was granted; i.e., to the granting
of the motion for new trial. See Guevara v. Guevara, No. 04-99-00584-CV, 2000 WL 294810 (Tex.
App.-San Antonio Mar. 22, 2000, pet. denied). A new trial is required to dispose of the plaintiffs'
claim for the life insurance proceeds of Maria's husband and to dispose of the plaintiffs' claim for the
damages they allege resulted when Maria caused her husband's death.

 Although Roger stated in the relators' motion for writ of execution attached to the petition
that "[p]laintiffs' original prayer for unliquidated damages against Maria is hereby dismissed leaving
only their liquidated claim for the insurance proceeds," the record does not reflect that either of the
plaintiffs' claims have been resolved. If, by this statement, Roger intended to non-suit the plaintiffs'
claims for damages, the procedural posture of the case would still not entitle the plaintiffs to the
insurance policy proceeds. The plaintiffs are not entitled to the proceeds because their claim for the
proceeds has not been resolved. (1) That claim must be resolved by a new trial. Thus, an application
for a writ of mandamus asking this court to order the trial judge to disburse the life insurance
proceeds to the plaintiffs-relators is groundless because the underlying dispute-the rightful beneficiary
of the insurance proceeds-has not been decided.

 We also find that Roger filed a petition in this court that grossly misstates obviously important
and material facts. See Tex. R. App. P. 52.11(c). Roger states in the application that the Supreme
Court of Texas affirmed this court's judgment which reversed and remanded the trial court's order
granting summary judgment in the underlying dispute. This statement is an obviously important and
material fact because it defines the procedural posture of the underlying case. The Supreme Court,
however, denied review of this case on July 6, 2000. Thus, Roger's statement that the Supreme
Court affirmed this court's judgment is false because the Supreme Court never reviewed the merits
of this court's decision.

 In addition to this misstatement, Roger grossly misstated an obviously important and material
fact in the Emergency Motion for Stay. See Tex. R. App. P. 52.11(c). In the motion, Roger stated
that this court found that Maria was culpable in her husband's death. This statement is an obviously
important and material fact because whether Maria was culpable for her husband's death is dispositive
of the plaintiffs' claim for the life insurance proceeds and their claim for damages. This court,
however, did not find that Maria was culpable in her husband's death. In this cause below, Maria
moved for summary judgment seeking judgment on the plaintiffs' claim for the proceeds from her
husband's life insurance policy and severance of that claim from the remainder of the plaintiffs'
claims. See Guevara, No. 04-99-00584-CV, 2000 WL 294810, at *1. The plaintiffs filed a response
to the motion for summary judgment and objected to the request for a severance. Id. The trial court
granted the motion for summary judgment and ordered the severance. On appeal, this court
determined that the plaintiffs presented sufficient evidence to raise a question of fact on the issue
addressed in Maria's motion-that is, whether Maria was culpable for her husband's death. Id. at *2.
In its opinion, this court detailed the evidence that the plaintiffs presented that raised a fact question
about the issue, and concluded that the evidence represented more than a scintilla of evidence that
permitted the plaintiffs to survive Maria's motion. Id. This court did not determine that Maria was
culpable in her husband's death. Thus, Roger's statement that this court found that Maria was
culpable in her husband's death is not only grossly misstated, it is absolutely false. The statement is
false because this court did not, and cannot, determine the underlying fact question-that is, whether
Maria was culpable for her husband's death. Whether Maria was culpable is a question of fact to be
answered by the trier of fact because the plaintiffs presented more than a scintilla of evidence about
Maria's culpability and thus raised a genuine issue of material fact. See Tex. R. Civ. P. 166a(i).

 Roger also grossly misstated obviously important and material facts in an attachment to the
application. See Tex. R. App. P. 52.11(c). Roger attached a document entitled "Request for Writ of
Execution, for Court to Obey Mandate, for Order Disbursing Insurance Proceeds and Dismissal of
Damage Claim" to the application for writ of mandamus. Therein, Roger again stated that the
Supreme Court affirmed this court's mandate. As discussed above, this statement is simply untrue.
Roger also stated that the gist of this court's opinion "is that Maria is disqualified from claiming any
of the insurance proceeds, regardless of whether a conspiracy exists." This court's opinion is
obviously important and material because it represents the last proceeding in this cause and defines
the procedural posture of the case-that is, the opinion and accompanying mandate govern the trial
court's next action. Roger's statement, however, does not represent the gist of this court's opinion.
Instead of determining that Maria is disqualified from claiming her husband's insurance proceeds as
Roger stated, this court's opinion determined that the plaintiffs presented enough evidence to survive
Maria's motion for summary judgment. This court did not determine that Maria was culpable in her
husband's death. That question is properly determined by the trier of fact. Roger's statement
characterizing the gist of this court's opinion is false because this court did not determine that Maria
is disqualified from claiming the insurance proceeds.

Bad Faith

 Because we have found that Roger filed a petition in this court that is clearly groundless and
grossly misstated obviously important and material documents and facts in this case, we hold that
Roger failed to act in good faith when he filed the relators' application for writ of mandamus and the
emergency motion for stay. See Tex. R. App. P. 52.11. Although Roger asserted in the application
that "every statement in the petition is . . . true and correct," we have shown how and why the
application contains untruths. The same is true for Roger's assertion in the emergency motion for
stay. Roger states therein that the "motion is true and correct." We have shown that the motion is
not true and is not correct. An attorney does not act in good faith when he presents false statements
to the court. Tex. Disciplinary R. Prof'l Conduct 3.03, reprinted in Tex. Gov't Code Ann.,
tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. 10, § 9) (prohibiting lawyers from
making false statements of material fact to a tribunal); see Tex. R. Civ. P. 13 (stating attorney's
signature constitutes representation that instrument is not groundless or brought in bad faith).

 As further evidence of Roger's bad faith, we note that Roger attached a Summary of Exhibits
to the Emergency Motion for Stay. The summary purportedly summarizes evidence that shows that
Maria "lied under oath about the status of her marriage and the fact that she was pregnant with
another man's child at the time of her husband's death," and evidence to show that Maria "had a clear
motive to bring about the death of [her husband]." This summary contains numerous statements that
can only be characterized as hearsay and character evidence inadmissible under the rules of evidence.
Tex. R. Evid. 404 (stating that evidence of a person's character is inadmissible); id. R. 802
(excluding hearsay from evidence). The statements do not relate to the procedural posture of this
case in any way, but instead attack Maria's character. We can think of no reason for including these
statements in the emergency motion for stay other than to cause this court to think unfavorably about
Maria and to influence this court's decision. Such motivation violates Roger's ethical duty to follow
established rules of procedure and evidence, and not to seek to influence a tribunal by means
prohibited by applicable rules of practice and procedure. Tex. Disciplinary R. Prof'l Conduct
3.04, 3.05.

Conclusion

 Because Roger has not acted in good faith, we grant Maria's motion for sanctions. We order
Roger to pay Maria's attorney, Roger C. Rocha, the amount of $5,000.00 to be applied to Maria's
attorney's fees, as sanctions, within 180 days of the order accompanying this opinion. Roger shall
submit written proof of payment no later than 200 days of the date of the order. We further order
Roger to attend a continuing legal education course in advanced civil procedure, to be completed
within 180 days of the order accompanying this opinion. Roger shall submit written proof of his
completion of the required course upon course completion; provided, however, that such proof must
be submitted no later than 200 days from the date of the order. Finally, we order Roger to cease and
desist from filing frivolous motions and pleadings in this court and in the trial court. Failure to
comply with this court's order may be punishable as contempt of court.

 PER CURIAM

PUBLISH
1. The record does not contain either a motion to non-suit, or an order of non-suit, withdrawing the plaintiffs'
damages claim. The only document that could be construed as having such effect is the writ of execution discussed
herein. Even if that document was construed as a motion for non-suit, the plaintiffs' claim for the insurance proceeds
remains unresolved.